**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **S. K. B.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-670-CMS** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff seeks judicial review of the denial by the Social Security Administration ("SSA") of her applications for disability insurance benefits ("DIB"), disabled widow's benefits ("DWB"), and supplemental security income ("SSI"). The Commissioner has filed the Administrative Record ("AR"), Doc. 6, and both parties have briefed their positions, Docs. 16, 22, 23.[2] For the reasons set forth below, the Court affirms the Commissioner's decision.

## I. Procedural Background

Initially and on reconsideration, the SSA denied Plaintiff's applications for DIB, DWB, and SSI. On July 16, 2024, an Administrative Law Judge ("ALJ") issued an unfavorable decision finding Plaintiff not disabled and, therefore, not entitled to DIB,

---

[1] The Court refers to Plaintiff by initials to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] Citations to the parties' briefs reference the Court's electronic case filing pagination. Citations to the AR reference the document's original pagination.

DWB, or SSI. AR 15-27. The Appeals Council denied Plaintiff's request for review. AR 1-6. Accordingly, the ALJ's decision constitutes the Commissioner's final decision.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process); *see also* 20 C.F.R. §§ 404.1520 (same), 416.920 (same). The ALJ first determined Plaintiff met the insured status requirements through December 31, 2022, and the prescribed period ends on March 31, 2030. AR 18. The ALJ also determined Plaintiff met the non-disability requirements for DWB and had not engaged in substantial gainful activity from her amended alleged onset date of August 27, 2022. *Id.* At step two, the ALJ determined Plaintiff had the severe impairments of borderline personality disorder, anxiety, bipolar I disorder, persistent depressive disorder, and psychosis. *Id.* At step three, the ALJ found Plaintiff's impairments did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 18-20.

The ALJ next determined Plaintiff's residual functional capacity ("RFC"). AR 20-25. At step four, the ALJ determined Plaintiff was unable to perform any past relevant work. AR 25. Moving on to the final step and relying on the testimony of a vocational expert ("VE"), the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy. AR 26-27. Therefore, the ALJ concluded Plaintiff was not disabled for purposes of the Social Security Act. AR 27.

## III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020). Under such review, "common sense, not technical perfection, is [the Court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

In reviewing the agency's factual findings, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency," *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015), but instead it "looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation modified). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (citation modified). In addition to a lack of substantial evidence, "the agency's failure to apply the correct legal standards, or show [the Court] that it has done so, is also grounds for reversal." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

## IV. <u>Analysis</u>

### A. Plaintiff's claim

Plaintiff raises one claim, that "the RFC does not sufficiently account for the moderate limitations in concentration, persistence and pace set forth in the psychiatric review technique finding." Doc. 16 at 8 (citation modified). When evaluating the severity of impairments at steps two and three of the sequential evaluation, an ALJ undertakes a special technique sometimes referred to as the psychiatric review technique. 20 C.F.R. §§ 404.1520a, 416.920a; *see also Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) (describing the technique). As explained by the ALJ, "the limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." AR 20 (citation modified); *accord Vigil*, 805 F.3d at 1203 (citing SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996)).

Under the technique, the ALJ considered the four broad areas of mental functioning known as the "paragraph B" criteria and found Plaintiff had moderate limitation in each of the four areas:

- understanding, remembering, and applying information;
- interacting with others;
- concentrating, persisting, or maintaining pace; and
- adapting or managing oneself.

AR 19. Plaintiff challenges whether the RFC adequately reflects the moderate limitations the ALJ found in her ability to concentrate, persist, or maintain pace. Doc. 16 at 8-12.

**B. The ALJ's RFC determination**

At step four of the sequential evaluation, an ALJ must assess the nature and extent of a claimant's physical and mental limitations, and then determine the claimant's residual functional capacity for work activity on a regular and continuing basis. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); 20 C.F.R. §§ 404.1545, 416.945. It is the ALJ's responsibility to assess the RFC, but it is the claimant's responsibility to establish a disability. "The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) (citation modified); *see also Hackett v. Barnhart,* 395 F.3d 1168, 1171 (10th Cir. 2005) ("The claimant bears the burden of establishing a prima facie case of disability at steps one through four.").

With respect to any limitations found at steps 2 or 3, the Tenth Circuit has rejected the argument that an ALJ must necessarily incorporate "paragraph B" criteria findings of limitations into the RFC finding. *See Vigil*, 805 F.3d at 1203 ("The ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment."). Rather, the ALJ must review the record evidence and conduct a "more detailed" assessment of any mental limitations at a step four RFC assessment. *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *4); *accord* SSR 96-8p, 1996 WL 374184, at *4 ("The adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the

sequential evaluation process."); AR 20 ("The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of the areas of mental functioning.").

Here, the ALJ explained that the RFC assessment "reflects the degree of limitation" he "found in the 'paragraph B' mental function analysis." AR 20. He then determined Plaintiff had the RFC "to perform a full range of work at all exertional levels" with the nonexertional limitations that she can:

- perform simple repetitive tasks with routine supervision;
- focus for two-hour periods and persist for an eight-hour workday despite psychological symptoms;
- interact appropriately with coworkers and supervisors;
- occasionally interact with the public for incidental work purposes; and
- adapt to a work setting and some (occasional) forewarned changes in a usually stable work setting.

*Id*.

### C. Discussion

Plaintiff challenges the ALJ's RFC determination on two grounds: (1) courts in the Tenth Circuit have found similar limitations inadequate to account for moderate impairment in concentration, persistence, or pace; and (2) the limitations are not supported by substantial evidence because they do not "properly account" for Plaintiff's mental limitations. Doc. 16 at 9-11. Plaintiff additionally argues that, because the RFC was flawed, the ALJ's hypothetical to the VE was also flawed. *Id.* at 9, 11-12.

**1. Whether Tenth Circuit case law permits an ALJ to account for moderate nonexertional limitations by limiting the claimant to particular kinds of work activity**

Plaintiff first argues that case law does not support the ALJ's attempt to account for mental limitations through the functional limitations of (1) performing simple repetitive tasks with routine supervision, and (2) focusing for two-hour periods and persisting for an eight-hour workday. *Id.* at 9-10. Plaintiff relies on two unpublished cases for the proposition that an RFC limitation to unskilled work or simple, routine, and repetitive tasks is inadequate to account for moderate limitation in concentration, persistence, or pace: *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014), and *Kimberly P. v. Bisignano*, No. 25-CV-00036, 2025 WL 2256682 (D. Utah Aug. 7, 2025). However, neither of those cases is binding on the Court; nor, in this instance, is either persuasive. Instead, the Court is bound by published Tenth Circuit cases, which Plaintiff does not address and which hold that such limitations can be sufficient.[3]

In *Vigil v. Colvin*, the Tenth Circuit determined the ALJ adequately accounted for the claimant's moderate limitation in concentration, persistence, and pace when the RFC included a limitation to "unskilled work." 805 F.3d at 1204. The Tenth Circuit discussed that unskilled work "includes the ability to maintain attention for extended periods of two-hour segments but that concentration is 'not critical.'" *Id.* (quoting Social Security Administration Program Operations Manual System § DI 25020.010, § B(3)). The court

[3] In her Reply, Plaintiff cites to other unpublished cases, but still does not address the relevant published cases. Doc. 23 at 1-3.

further explained that unskilled work "generally requires only the following: (1) understanding, remembering, and carrying out simple instructions; (2) making judgments that are commensurate with the functions of unskilled work—i.e., simple work-related decisions; (3) responding appropriately to supervision, co-workers and usual work situations; and (4) dealing with changes in a routine work setting." *Id.* (citation modified) (quoting SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996)). The Tenth Circuit then concluded that the evidence of record supported the ALJ's RFC determination that "limiting [the claimant] to perform unskilled work would adequately account for his moderate limitations in concentration, persistence, and pace." *Id.*

Similarly, in *Smith v. Colvin*, the Tenth Circuit determined that an RFC including limitations that the claimant "could engage in only simple, repetitive, and routine tasks" adequately addressed the claimant's moderate nonexertional impairments, including a moderate limitation in maintaining concentration, persistence, and pace. 821 F.3d 1264, 1268-69 (10th Cir. 2016). The court held that the ALJ had "incorporated these limitations by stating how the claimant was limited in the ability to perform work-related activities." *Id.* at 1269. And the Tenth Circuit explained that "this approach is acceptable in our circuit, for we have held in a published opinion that an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity." *Id.* (citation modified) (citing *Vigil*, 805 F.3d at 1204).

Accordingly, Plaintiff's assertion that the ALJ's RFC determination is flawed because "courts in this circuit have found such limitations fail to adequately account for

moderate impairment of" concentration, persistence, or pace, Doc. 16 at 9, does not find support in binding published Tenth Circuit decisions that hold such limitations can suffice.

**2. Whether the RFC is supported by substantial evidence**

Plaintiff next asserts the mental limitations in the RFC are not supported by substantial evidence because they do not "truly account[]" for her moderate limitation in concentration, persistence, or pace. *Id.* at 11; *see also id.* at 9 ("The mental aspect of this RFC was not supported by substantial evidence because it failed to properly account for all of Plaintiff's mental limitations discussed in the psychiatric review technique." (citation modified)). Plaintiff does not, however, provide argument to support her conclusory statement that the limitations are unsupported by substantial evidence or inadequate. *See id.* at 8-12. And though she provides a summary of medical records and hearing testimony in her Statement of Facts, *id.* at 4-7, she does not reference that Statement or otherwise provide citations to the medical evidence in the Argument section of her brief, *id.* at 8-12.

If Plaintiff wishes to challenge whether substantial evidence supports the RFC determination, she must "explain how [the RFC] fail[s] to account for [her impairments]" as it is not the Court's "obligation to search the record and construct a party's arguments." *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016). *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (declining to "speculate on [the claimant's] behalf" as to which medical opinions claimant believed the ALJ to have disregarded or ignored); *Howard v. Barnhart,* 379 F.3d 945, 948 (10th Cir. 2004) (finding substantial evidence supported the ALJ's determination when the claimant did "not discuss or cite to medical evidence" or "identif[y] [any] factual or legal errors" in support of her challenge to the

ALJ's conclusions). Here, Plaintiff has not explained how the limitations in the RFC fail to account for her moderate limitation in concentration, persistence, or pace, and she has not pointed to any evidence in the record indicating greater limitations than those found by the ALJ. Accordingly, Plaintiff has not established that the RFC is unsupported by substantial evidence.

### 3. Whether the ALJ erred in failing to include additional limitations in the hypothetical to the VE

Expanding on her argument that the RFC determination was flawed, Plaintiff asserts the ALJ erred by failing to include additional limitations in the hypothetical to the VE at step five of the sequential evaluation. Doc. 16 at 9, 11-12. But Plaintiff has not presented record evidence to support additional limitations in the RFC. Accordingly, she has failed to establish the ALJ erred by not including additional limitations in the hypothetical questions posed to the VE.

A hypothetical posed to the VE is sufficient if "it contained all of the limitations found to exist by the ALJ." *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000). The ALJ propounded a hypothetical question to the VE that properly included all the limitations the ALJ included in the RFC assessment. AR 60-61. Nothing more is required and, accordingly, this argument fails. *See, e.g., Lykins v. Colvin*, 657 F. App'x 726, 728 n.1 (10th Cir. 2016) ("Because we conclude the ALJ was not required to include [certain] limitations in his RFC assessment, we also reject [the claimaint's] claim that the ALJ should have included such a limitation in his hypothetical question to the VE.").

## V. <u>Conclusion</u>

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED** this 11th day of September, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE